## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES** | § | |
| V | § | **CR-NO.4:14-cr-440-3** |
| | § | |
| **HMAYAK SAMSONYAN** | § | |

## OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT

TO THE HONORABLE JUDGE OF SAID COURT.

COMES NOW, Defendant Hmayak Samsonyan, by and through his attorney of record, Robert Fickman, and files these objections to the presentence investigation report. For good cause defendant would show as follows.

## I.
## THE COURT SHOULD FOLLOW THE SENTENCING GUIDELINE RECOMMENDATION IN THE PLEA AGREEMENT

1

## A.    THE PLEA AGREEMENT

In the case at hand, in the plea agreement, the Government agreed to submit a sentencing guideline calculation for the Court's consideration. In the plea agreement at paragraph 12, the agreement states,

"Based on these facts, the parties agree to submit the following U.S. Sentencing Guidelines Calculation for the court's consideration.

| | |
|---|---|
| Base offense level. U.S.S.G. Section 2B1.1(a)(2) | 6 |
| Actual loss between $1,500,000 to $3,500,000. U.S.S.G. Section 2B1.1(b)(1)(1) | +16 |
| Causing a loss of $1,000,000 or more to a federal health care program. U.S.S.G. Section 2B1.1(b)(7)(i) | +2 |
| Sophisticated means. U.S.S.G. Section 2B1.1(b)(10)(c) | +2 |
| Reduction for acceptance of responsibility, U.S.S.G. Section 3E1.1(a)(b) | -3 |
| TOTAL | 23 |

Thus, in the plea agreement both parties submitted and agreed guideline calculation for the Court's consideration, resulting in a level 23 offense level. As Defendant has no criminal record, with a 23 offense level, Defendant's punishment range would be 46-57 months.

## B.    THE PSR CALCULATION

In this case the PSR included adjustments not included in the agreed guideline calculation included in the plea agreement. The PSR included the following adjustments which were either not included or were greater than those agreed to in the plea agreement.

1. IN PARAGRAPH 77, the PSR states that loss amount was more than $1,000,000, but not more than $9,500,000, to wit $5,974,008. Pursuant to 2B1.1(b)(1)(3) the PSR states that the offense level should increase by 18 levels. This represents a 2 level increase from the loss amount level agreed to in the plea agreement. As noted, the plea agreement contained an agreed sentencing guideline calculation recommendation which contained a 16 level increase.

Defendant objects to the 18 level increase and maintains the agreed recommended 16 level increase should be used.

2. IN PARAGRAPH 78, the PSR states that a 2 level increase should be applied because the offense included 10 or more victims. U.S.S.G. Section 2B1.1(6)(2)(A)(i). This 2 level increase is not included in the

agreed guideline calculation recommendation contained in the plea agreement. Defendant objects to this 2 level increase for more than 10 victims.

3.  IN PARAGRAPH 82, the PSR includes an adjustment for role in the offense.  The PSR states that a 2 level increase should be applied for abuse of position of trust pursuant to U.S.S.G. Section 3B1.3.  This 2 level increase is not included in the agreed guideline calculation recommendation contained in the plea agreement.  Defendant objects to this 2 level increase for abuse of position of trust.

4.  IN PARAGRAPH 83 the PSR includes an adjustment for obstruction of justice. The PSR states that a 2 level increase should be applied for obstruction of justice as contemplated by U.S.S.G. Section 3C1.1. This 2 level increase is not included in the agreed guideline calculation recommendation contained in the plea agreement.  Defendant objects to this 2 level increase for obstruction.

5.   IN PARAGRAPH 88 the PSR finds a total offense level of 31. This total offense level is 8 levels higher than the total offense level of 23 which is recommended in the plea agreement. Defendant objects to this total offense level and submits the offense level of 23 is correct.

6.   IN PARAGRAPH 120 the PSR states that the guideline range is 108 to 120 months. The guideline range as envisioned by the plea agreement recommendation would be 46 to 57 months. Thus, the PSR guideline range more than doubles the range reasonably anticipated by the plea agreement. Defendant objects to the PSR recommended guideline range and submits the correct PSR guideline range should be 46 to 57 months.

**C.    THE APPLICABLE LAW**

The Fifth Circuit has previously dealt with situations similar to that which is encountered in this case. United States v. Munoz, 408 F3d 222 (5th Cir 2005), United States v. Roberts, 624 F3d 241 (5th Cir 2010).

Munoz was party to a Ponzi scheme. In <u>Munoz</u>, pursuant to a written plea agreement, Munoz pleaded guilty to conspiracy to commit wire fraud and mail fraud and to conspiracy to commit money laundering.

In return for Munoz plea, the Government agreed to recommend that Munoz receive credit for acceptance of responsibility, a sentence at the lowest end of the guideline range and a motion for downward departure if Munoz provided substantial assistance.

In <u>Munoz</u>, the Government also agreed to recommend that specific guideline calculations be made as part of the plea agreement. The Government agreed that the applicable sentencing guidelines for the fraud offense should be calculated using a base offense level of 6, increased by 14 levels because the loss was less than $1,000,000, but more than $400,000; increased by 2 levels because the scheme defrauded more than 10, but fewer than 50 victims;  increased by 2 levels because execution of the offense involved sophisticated means; increased by 2 levels because Munoz was a leader and organizer of the criminal conduct; and decreased by 3 levels for acceptance of responsibility. Thus, for the fraud offense, Munoz offense level would be 23.

In Munoz, the Government also agreed that Munoz base offense level for the money laundering offense should be 24; increased by 2 levels because Munoz was convicted under *18 U.S.C. § 1956*; increased by 2 levels because Munoz was a leader and organizer of the criminal conduct; and decreased by 3 levels for acceptance of responsibility. Thus, for the money laundering, Munoz offense level would be 25.

Taking the higher of the two offense levels, the Government agreed that the resulting total offense level of 25, combined with a criminal history category of I, yielded a guideline sentencing range of 57-71 months.

As in the case at hand, the PSR in Munoz calculated the sentence differently than that which was recommended in the plea agreement. The PSR in Munoz grouped the offenses and assigned Munoz a base offense level of 6 for the fraud offense as the offense with the highest offense level. The Munoz PSR recommended that the base offense level be increased by 16 levels because the loss in the case was $1,000,000, but less than $2,500,000; increased by 4 levels because the scheme defrauded more than 50; increased by 2 levels because execution of the offense involved sophisticated means; increased by 2 levels because the offense was facilitated by abuse of a position of trust; and reduced by 3 levels for

7

acceptance of responsibility. Per Munoz PSR, Munoz total offense level was calculated to be 29, with a sentencing range of 87-108 months. Thus, in Munoz, the PSR resulted in a higher offense level calculation than that recommended in the plea agreement.

Munoz filed a written objection to the PSR in which he challenged the enhancement for an abuse of trust and asked the court to follow the calculation set forth in the plea agreement. At sentencing, Munoz asked the court to follow the sentencing guidelines calculation set forth in the plea agreement. At sentencing, the court asked the Government if it urged the application of the abuse of position of trust enhancement and the Government answered in the affirmative. The court admonished Munoz in accordance with the PSR's guideline calculations and granted the Government's 5K motion sentencing Munoz to 90 months. Thus, Munoz sentence exceeded that which was recommended in his plea agreement.

On appeal, Munoz argued that the Government breached the plea agreement by arguing at sentencing that his conduct constituted an abuse of trust. Munoz argued that the Government stipulated in the plea agreement to a guideline calculation that did not include an enhancement for an abuse of position of trust. Munoz argued that despite the agreement, the Government

8

breached its promise to recommend and support the stipulated-to guidelines range by affirmatively advocating for an enhancement that was not included in the plea agreement. Munoz argued that he was entitled to specific performance of the agreement, and he asked the court to vacate his sentence and remand for resentencing.

In Munoz, the Fifth Circuit found that if a defendant pleads guilty as part of a plea agreement; the Government must strictly adhere to the terms and conditions of the agreement. The Court noted, "When a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." In determining whether the Government violated a plea agreement, the Court considered whether the Government's conduct was "consistent with the defendant's reasonable understanding of the agreement." If the Government breached a plea agreement the defendant was entitled to specific performance of the agreement with sentencing by a different judge.

In Munoz, the Fifth Circuit found that the Government breached the plea agreement. The agreement stated that the Government and Munoz "agree that the applicable sentencing guideline should be calculated as follows." The agreement then set out specific guideline calculations which

did not include an enhancement for an abuse of trust. By not including an enhancement for abuse of trust in the plea agreement, the parties agreed that it was not an applicable guideline and that it should not be included in the guideline calculation.

The Fifth Circuit found that even though the Government reserved the right to "dispute sentencing factors or facts material to sentencing", the Government implicitly promised not to argue for an enhancement that was not part of the plea agreement. Urging an enhancement that was not part of the agreement constituted a breach.

The Fifth Circuit in <u>Munoz</u> found that although the Government has a duty to provide the sentencing court with the relevant factual information and to correct misstatements, it may not hide behind this duty to advocate a position that contradicts its plea agreement. It is noteworthy that the Fifth Circuit found that the Government's failure to fulfill its promise affects the fairness, integrity and public reputation of judicial proceedings.

**D.   ARGUMENT**

In the case at hand, Defendant's plea agreement had an agreed sentencing guideline calculation recommendation which was submitted to

this Court. The agreed recommendation had an itemized list of factors that were considered in reaching the ultimate recommended total offense level of 23.

Pursuant to <u>Munoz</u>, the recommended guideline calculation in Defendant's plea agreement, represented an agreement of the prosecutor, such that it was part of the inducement or consideration for Defendant's plea of guilty. Consequently, pursuant to <u>Munoz</u>, the guideline calculation contained within Defendant's plea agreement "must be fulfilled".

The calculation contained within the plea agreement did not include: a loss amount with an 18 level increase (paragraph 77);

a 2 level enhancement for 10 or more victims (paragraph 78);

a 2 level enhancement for abuse of position of trust (paragraph 82);

or a 2 level enhancement for obstruction (paragraph 83).

Pursuant to <u>Munoz</u>, by not including the enhanced loss amount, the enhancement for 10 or more victims, the enhancement for abuse of position of trust and the enhancement for obstruction, the parties agreed that these were not applicable guidelines enhancements and should not be included in Defendant's guideline calculation. Pursuant to <u>Munoz</u>, the Government cannot now argue that any of these additional enhancements should apply.

For the forgoing reasons, Defendant urges the Court to follow the guideline calculations as set forth in the plea agreement.

## II.
## ADDITIONAL OBJECTIONS TO SPECIFIC GUIDELINE ENHANCEMENTS CONTAINED WITHIN THE PSR

### A.    LOSS AMOUNT

Defendant objects to the loss amount as calculated in paragraph 77. According to paragraph 77, the loss amount is $5,974,008. Pursuant to the guidelines such a loss amount would result in an 18 offense level increase.

In reaching its loss amount, the PSR holds Defendant accountable for intended loss at two clinics where he had little or no involvement. The PSR holds Defendant accountable for the intended loss at Sinha Medical Center and Westpark Primecare Clinic. The intended loss at Sinha Medical Center was $924,800. The intended loss at Westpark Primecare Clinic was $1,531,426.    The combined intended loss from Sinha and Westpark Primecare is $2,456,226.    If the intended loss from Sinha and Westpark Primecare are deleted from the loss attributed to Defendant, the total loss is $3,517,782. Pursuant to U.S.S.G. section 2B1.1(b)(1)(I), as the adjusted loss

12

amount is just over $3,500,000 , Defendant submits that a 16 level increase is more appropriate. In support of this argument, Defendant notes that even using the PSR  intended loss amount, Defendant's loss amount is only half of the intended loss amount attributed to lead Defendant Zaven Sarkasian. Given Defendant's relative culpability, a 16 level increase is more appropriate.

## B.   10 VICTIMS

Defendant objects to the 2 level enhancement for 10 victims as stated in paragraph 78.  As previously noted this enhancement was not included in the recommended guideline calculation  included in Defendant's Plea Agreement.

## C.   ABUSE OF POSITION OF TRUST

Defendant objects to the 2 level increase for abuse of position of trust as stated in paragraph 82.  Defendant never abused a position of trust with Medicare.  Defendant never had a Medicare provider number. Defendant did not oversee what bills were sent to Medicare. Defendant had limited communications with Medicare.

13

## D.    OBSTRUCTION OF JUSTICE

Defendant objects to the 2 level offense level enhancement for obstruction as stated in paragraph 83. Defendant, understands the basis for the enhancement. However, Defendant maintains that the referenced conduct was intrinsic to the offense.  Attempts to conceal the fraud from Medicare were arguably part of the ongoing fraudulent scheme.

Wherefore Premises considered Defendant respectfully requests that this Honorable Court grant Defendant's objections to the PSR and any other relief this Court deems appropriate.

Respectfully Submitted,
/s/Robert Fickman
ROBERT J. FICKMAN

Attorney-In-Charge
Fed. No. 3606
State Bar No. 06956500
440 Louisiana St., Suite 200
Houston, Texas 77002
Ph. 713-655-7400
Fax 713-224-2815

Attorney for Defendant
HMAYAK SAMSONYAN

14

## CERTIFICATE OF SERVICE

I, ROBERT J. FICKMAN, hereby certify that a true and correct copy of the foregoing instrument was delivered by ECF to Assistant U.S. Attorney's Office on this 6th day of June, 2017.

/s/Robert J. Fickman
ROBERT J. FICKMAN

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

UNITED STATES OF AMERICA     §
                                      §

V.                                      §     **CRIMINAL NO.4:14-cr-00440-3**
                                      §

HMAYAK SAMSONYAN         §

## ORDER

BE IT REMEMBERED that on this day came to be heard Defendant's

Objections to the Pre-Sentence Report (PSR). The Court, after considering the

same, is of the opinion that such Motion should be granted _____

denied_____ in all respects.

SIGNED on the \_\_\_\_\_ day of _____, 2017.

_____
THE HONORABLE KEITH ELLISON
UNITED STATES DISTRICT JUDGE

16